JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEENA COLEBROOK, as Trustee of the Empire Revocable Living Trust, <br><br> Plaintiff, <br><br> v. <br><br> CIT BANK, N.A., named originally as One West Bank, N.A., et al., <br><br> Defendants. | CASE NO.  CV 16-4461-R <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on July 11, 2016. (Dkt. No. 14).  Having been thoroughly briefed by both parties, this Court took the matter under submission on August 10, 2016.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal

jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id.* Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

A "defendant [has] 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file [a] notice of removal." 28 U.S.C. § 1446(b)(2)(B). "[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Federal courts look to state law for determining when a civil action has commenced in cases removed from state court. *See Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) (citing *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (4th Cir. 1988) ("It is clear that a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court . . .")). California law makes clear that "[e]xcept as otherwise provided by statute, the court in which an action is pending has jurisdiction over a party from the time summons is served on him." Cal. Civ. Proc. Code § 410.50(a). Furthermore, "[a] general appearance by a party is equivalent to personal service of summons on such party." *Id.* "A defendant appears in an action when the defendant . . . demurs," or otherwise acts in a manner that confers personal jurisdiction. Cal Civ. Proc. Code § 1014; *Air Machine Com SRL v. Superior Court*, 186 Cal. App. 4th 414, 420 (2010).

Defendants Neerja Investments, LLC and Electric Capital, LLC joined in Defendant CIT Bank's demurrer in state court on April 21, 2016. (*See* Dkt. No. 28, Exh. F and G). By making an appearance in this manner, all three Defendants had effectively received "service" of summons by at least this date. *See generally id.* As a Complaint had already been filed by the date of this effective service of summons, the removal period began to run on April 21, 2016. *See generally Murphy Bros., Inc.*, 526 U.S. at 354. As Defendants failed to remove this case until June 18, 2016, Defendants failed to file a timely removal. *See* 28 U.S.C. § 1446(b)(2)(B). This Court therefore rightly REMANDS this case back to the state court.

/ / / / / / /

/ / / / / / /

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 14).

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss are DENIED, without prejudice to them being refiled in state court. (Dkt. Nos. 8 and 12).

Dated: August 17, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE